COMBINED SECURITIES CORPORATION
v. A. SCHRADER'S SON, Inc.
No. 82.

Circuit Court of Appeals, Second Circuit.
Nov. 7, 1938.

Wing, Lakin & Whedon, of New York City (Frederick J. Moses, of New York City, of counsel), for appellant.

Brennan, Flamman & Simpson, of New York City (John B. Sullivan, Jr., of Pittsburgh, Pa., of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

The stockholders of appellant sold to the Scovill Mfg. Co. all the stock—3,845 shares —of appellant for $21,147,500 paid in Scovill's 5% debenture bonds. Appellant thereupon became a subsidiary of the Scovill Co.

Prior to Scovill's purchase of appellant, the latter was bound by employment contracts with two of its officers for their services from 1925 to 1934. These officers were to receive, as partial compensation, 30 shares of the appellant's stock each year, and if a majority of the appellant's stock was sold or disposed of during the term of the contract, all the balance of said shares not previously delivered should be then immediately turned over to them. Thirty shares were to be delivered in 1929, leaving 150 shares yet to be delivered. The contracts also provided that the officers were to be reimbursed by appellant for any Federal income taxes paid by them on any government valuation for income tax purposes in excess of $2,000 per share. The tax reimbursement obligation of appellant under the contracts threatened to be heavy because the sale of appellant's stock to Scovill was on the basis of more than $7,000 a share, and Scovill was unwilling to assume a burden which might amount to as much as $400,000. On the other hand, the undelivered 180 shares due the officers were part of the 3,845 shares of appellant which Scovill was purchasing. Since the fair value of the 180 shares would be deducted from the gross income of appellant, there would result, as an offset to the tax reimbursement liability, a corresponding reduction of appellant's Federal income taxes for 1929 and 1930. Since Scovill was purchasing appellant's shares, the delivery of the 180 shares would be without cost to either appellant or Scovill, but would fall upon appellant's stockholders. A compromise was reached and incorporated into the contract between appellant and Scovill, whereby appellee, a newly-formed corporation of appellant's old stockholders, would pay the officers on cancellation of their employment contracts $50,000 and would pay all the tax reimbursement liability of appellant under these employment contracts in excess of $150,000. Appellant agreed to pay not more than $150,000 of the tax reimbursement liability, unless "the amounts of federal income taxes paid by the company [Schrader] are less than the amount of such taxes that the company would have paid if it had not taken and been allowed certain deductions [which we have described] from its gross income for the years 1929 and 1930." In the latter case, appellant was to pay to plaintiff a sum equal to the difference, "if any", between said two amounts of taxes of appellant in repayment of the tax reimbursement liability of appellant which had been assumed and paid by appellee.

In 1929, $216,000, the value of the 30 shares, was paid to the officers and allowed as a deduction from the gross income of appellant, and accordingly appellant's federal income tax was $23,760 less than it would have been had not this deduction been allowed. Appellant, under the terms of the contract set forth above, thereupon reimbursed appellee to the extent of $23,-760.

In 1930, $1,067,328, the value of the remaining 150 shares paid to the officers, was deducted from gross income. But in 1930 a consolidated return was filed by Scovill as parent corporation for itself and its subsidiaries (including appellant and its subsidiaries). This consolidated return showed a loss in excess of $4,000,000 and hence appellant paid no tax, and would have paid no tax even if the deduction of $1,067,328 had not been taken. But for the consolidated return and if appellant had filed a separate return, its liability to appellee would be $55,512.

We think the words of the contract plainly express the purpose and agreement of the parties to be that if deductions of the amount paid to these employees for their stock to be obtained under their contract of employment produces the effect of reducing the taxes to be paid on the appellant's income, the sellers should have the benefit of the money thereby saved to Scovill, but that nothing should increase the price Scovill would have to pay for these shares. Scovill did not acquire the stock until January, 1930, and therefore the appellant was not a subsidiary before that date.

Because Scovill filed in 1930 a consolidated return for itself and its subsidiaries, including the appellant, appellant had no taxable income and consequently no fed-

eral income tax was assessed against or paid by the appellant or by any of the other parties to the consolidated return. Therefore, there was no difference between the amount of taxes paid and what would have been paid as provided by the terms of the contract of sale. The phrase "difference if any" in the "amount paid" as a measure of the sum for which the appellant should be liable demonstrates that the parties contemplated and provided for this contingency and appellant expressed the intention that nothing should be paid unless the deductions should result in a saving of federal taxes and that the measure of liability should be the result of such saving.

The contract contemplated payment of taxes and a reduction in the amount thereof by reason of the allowances of the specific deductions. Nothing in the contract required a separate return to be filed for the appellant and its subsidiaries and Scovill was permitted to file and pay under a consolidated return. Any method of reporting income for the year which the tax laws permitted must be deemed to have been contemplated by the parties.

All the negotiations leading up to the purchase of the stock clearly indicate that the parties had in mind saving any tax to be paid. Only if savings of taxes was effected by the use of the specified deductions would the appellee be permitted to be reimbursed as specified in the contract. Duke Power Co. v. Com'r, 4 Cir., 44 F.2d 543, 545.

Judgment reversed.